RECEIVED
IN LAKE CHARLES, LA

FEB - 9 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05 CR 20084-12 |
| VS. | : | JUDGE MINALDI |
| KENNETH G. WASHINGTON | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM ORDER

Presently before the court is a Motion to Dismiss the Indictment [doc. 404] filed by the defendant, Kenneth G. Washington ("Washington"). This motion has been opposed by the Government.

Washington was indicted on May 11, 2005. He was charged with conspiracy to possess with intent to distribute cocaine and marijuana and with criminal forfeiture. He was arrested, made an initial appearance and entered a plea of not guilty on May 25, 2005. On June 1, 2005, a detention hearing was held and the defendant was ordered detained pending trial. Trial was initially set for June 27, 2005.

This case involves seventeen defendants. No defendant has been severed.

On June 22, 2005, co-defendant Andrew Aubrey filed a motion to continue the trial. An order continuing the trial in the interest of justice was signed on June 22, 2005. On June 28, 2005, co-defendants Mindi Lyn Bernard-Oliver, Lance Keith Oliver, Daniel Paul Doucet and Michael Joseph Jackson filed motions to continue. These were granted in the interest of justice on June 30, 2005.

On July 12, 2005, the case was certified as complex and was continued without date.

During this time, some of the defendants were fugitives. The last co-defendant, Arnold Cardona, made his initial appearance on October 12, 2005. Multiple defendants continued to make multiple motions after the October 12th date.

Washington relies upon *Zedner v. U.S.*, 126 S.Ct. 1976 (U.S., 2006) to argue that his right to a speedy trial has been violated. *Zedner* invalidated prospective waivers of a defendant's speedy trial rights. In *Zedner*, however, the court stated that the defendant waived his right to a speedy trial "for all time" and the case was continued indefinitely. A continuance based upon an "ends of justice" analysis is recognized as a valid basis for excluding time under the Speedy Trial Act in *Zedner* and *Zedner* did not address excludable delays based on motions filed by a party. The case at bar can clearly be distinguished from *Zedner*.

The Speedy Trial Act of 1974 ("Act") generally requires a federal criminal trial to begin within 70 days after a defendant is charged or makes an initial appearance. 18 U.S.C. § 3161(c)(1). Recognizing that criminal cases vary widely and that there are valid reasons for greater delay in particular cases, the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start. Section 3161(h)(8) permits a district court to grant a continuance and exclude the resulting delay if it makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial. To promote compliance without needlessly subverting important criminal prosecutions, the Act provides that, if the trial does not begin on time and the defendant moves to dismiss, before the trial's start or entry of a guilty plea, the district court must dismiss the charges, though it may choose

whether to do so with or without prejudice.[1]

One of the statutory factors which a judge is to consider in determining whether to grant a continuance is whether the case is so unusual or so complex,[2] due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by 18 U.S.C.A. § 3161.[3] Washington's case was certified as complex by the court.

The length of an exclusion for a complex case should be reasonably related to the actual needs of the case and should not be used either as a calendar control device or a means of circumventing the requirements of the Speedy Trial Act.[4] A district court's decision to grant a continuance in a complex case, which is sought by one defendant in order to have more time to prepare a defense, is not an abuse of discretion or a violation of the speedy trial rights of defendants who did not seek the continuance.[5]

In *Barker v. Wingo*,[6] the Supreme Court set forth a series of factors that courts should

---

[1] *U.S. v. Williams*, L 3533143, *1 -2 (W.D.La., 2006) quoting *Zedner v. U.S.*, --- U.S. ----, ----, 126 S.Ct. 1976, 1978, 164 L.Ed.2d 749 (U.S., 2006).

[2] This case was certified as complex on the record.

[3] FEDPROC § 22:1325; 18 U.S.C.A. § 3161(h)(8)(B)(ii).

[4] FEDPROC § 22:1325; *U.S. v. LoFranco*, 818 F.2d 276 (2d Cir.1987).

[5] FEDPROC § 22:1325; *U.S. v. Thomas*, 774 F.2d 807, 18 Fed.R.Evid. Serv. 1332 (7th Cir.1985) (in a written order explaining its actions, the district court observed that the case involved 6 defendants and thousands of financial documents which have been secured through discovery. The district court concluded the defendant's request for more time to prepare a defense was reasonable).

[6] 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

evaluate and balance in assessing constitutional speedy trial claims. Those factors are: "(1) the length of the delay, (2) the reason for [it], (3) the defendant's diligence in asserting his Sixth Amendment right, and (4) prejudice to the defendant resulting from the delay."[7] The four-factor analysis is warranted in the instant case because the total time from indictment to trial exceeded one year.[8]

In undertaking a "full *Barker*-analysis," the court initially looks to "the first three factors (delay-length; reason for it; diligence in asserting right) in order to determine whether prejudice will be presumed or whether actual prejudice must be shown."[9] Prejudice may be presumed where the first three factors weigh "heavily" in the defendant's favor.[10]

As to the first factor, the speedy trial calculation would normally run from October 12, 2005, the date that Arnold Cardona, the last co-defendant to be arrested had his initial appearance. In this case, however, the speedy trial clock was suspended when the case was certified as complex even prior to Cardona's arraignment. The sixteen month delay here-though long enough to prompt a full *Barker* analysis-is far too short to weigh in favor of presuming prejudice.[11]

The second factor that must be considered is the reason for the delay. There were several requests for continuances by various unsevered defendants to seek further discovery or pretrial hearings on motions. On September 24, 2005, Hurricane Rita devastated Lake Charles. The court

---

[7] *United States v. Cardona*, 302 F.3d 494, 496 (5th Cir.2002).

[8] *See United States v. Frye*, 372 F.3d 729, 736-37 (2004) (discussing this the Fifth Circuit's "one-year guideline" for whether the delay length is sufficient to call for an analysis of all four *Barker* factors).

[9] *Id.* at 736.

[10] *See United States v. Serna-Villarreal*, 352 F.3d 225, 231 (5th Cir.2003).

[11] *Id.* at 232.

was closed for a period of time, attorneys were displaced, offices were destroyed. The trial then set for December 12, 2005, was continued on October 25, 2005 in the interest of justice.

The trial was reset for February 13, 2006. Michael Joseph Jackson filed a motion to continue the trial as he had new counsel who had not had adequate time to prepare. The trial was continued in the interest of justice.

The trial was reset for May 1, 2006. On April 7, 2006, the Government filed a motion to continue based upon a backlog at the DEA laboratory that was to perform an analysis of the computers seized from Pedro Mendez-Ramos, Dexter Vallot and Kenneth Washington. A continuance was granted in the interest of justice on April 20, 2006 and the trial was reset for August 21, 2006.

On August 3, 2006, counsel for Maria Guadalupe Ramos filed an unopposed motion to continue the August 21 trial. This motion was granted in the interest of justice on August 9, 2006. The trial was reset for October 23, 2006.

On September 26, 2006, the Government filed a motion to evaluate an alleged conflict of interest by Daniel Stanford, counsel for Kenneth Washington. This motion has been continued several times and is still pending on the date of this memorandum.

Counsel for Maria Guadalupe Ramos filed a motion to continue on October 6, 2006. This motion was granted in the interest of justice on October 10, 2006. The trial was reset for March 5, 2007.

As noted previously, this memorandum offers merely a chronology of motions to continue filed in this case. The case at bar has involved an extensive motions practice. Multiple other motions

were filed by various counsel and were pending throughout this time period all of which acted to suspend the speedy trial clock.

Accordingly, the Speedy Trial Act has not been violated. The defendant's Motion to Dismiss IS DENIED.

Lake Charles, Louisiana, this __8__ day of February, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE