


**RECEIVED**
IN LAKE CHARLES, LA

JUN 11 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NUMBER 2:05 CR 20084-012 |
| VERSUS | JUDGE MINALDI |
| KENNETH WASHINGTON | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court is a Second Motion to Dismiss the Indictment [doc. 755] filed by the defendant, Kenneth Washington ("Washington"). The United States filed an Opposition [doc. 764] and Washington filed a reply [doc. 765].

### Procedural History

Washington was first indicted, along with sixteen (16) co-defendants on May 11, 2005. The thirty-five (35) page indictment charged that defendants with a complicated conspiracy to possess and distribute cocaine and marijuana. The record is voluminous and many motions have been filed by Washington and his co-defendants. A procedural history by relevant dates follows:

| | |
|---|---|
| 5/25/05 | Washington arraigned [doc. 74]. |
| 6/1/05 | Detention hearing re Washington [doc. 95]. |
| 6/24/05 | Minutes from Garcia hearing [doc. 181]. |
| 6/24/05 | Washington's waiver of conflict free counsel [doc. 182] and waiver of conflict of interest [doc. 183]. |
| 6/28/05 | Motion to Continue Trial by unsevered co-defendants, Mindi Lyn Bernard-Olivier, Lance Keith Olivier, Daniel Paul Doucet and Michael Joseph Jackson.[1] |
| 6/30/05 | Order [doc. 190] granting Motion to Continue the Trial. The court found that this matter was factually and legally complex and that it was unreasonable to believe that the defendants could adequately prepare for trial within the time parameters allowed by the Speedy Trial Act. The court further found that a continuance was in the best interests of the defendants and the public. |

---

[1] Washington did not oppose this motion.

1

| Date | Event |
|---|---|
| 7/12/05 | Trial was certified as complex and continued without date. |
| 8/4/05 | Washington filed a request for discovery [doc. 194]. |
| 10/12/05 | Last co-defendant named in the indictment arraigned [doc. 229]. Trial set for 12/12/05. |
| 10/13/05 | Motion to Set Case for Trial [doc. 232] filed by Washington. |
| 10/25/05 | Order [doc. 236] continuing trial based upon complexity. The court found that a denial of a continuance would deprive counsel for the defendants reasonable time necessary for effective preparation and that the ends of justice served by granting the continuance outweighed the best interest of the public and defendants in a speedy trial.[2] |
| 11/29/05 | Order [doc. 250] granting Washington's Motion to Set Trial [doc. 232]. Trial of all defendants set for 2/13/06. |
| 1/26/06 | Motion to Continue Trial [doc. 262] by Michael Joseph Jackson.[3] |
| 1/27/06 | Order [doc. 264] granting motion to continue finding that Jackson, appearing to have exercised due diligence, did not have sufficient time to prepare an adequate defense in light of the fact that he had new counsel who had not, at the time the motion was filed, received all of the discovery material, nor had the opportunity to fully review the case. The court found that a denial of a continuance would deprive counsel for the defendants reasonable time necessary for effective preparation and that the ends of justice served by granting the continuance outweighed the best interest of the public and defendants in a speedy trial.[4] The trial was reset for May 1, 2006. |
| 4/6/06 | Motion to Continue the Trial [doc. 295] by the USA. |
| 4/19/06 | Supplemental Motion to Continue the Trial [doc. 303] by the USA. |
| 4/20/06 | Order [doc. 306] granting Motion to Continue Trial. The court found that a denial of a continuance would deprive counsel for the defendants reasonable time necessary for effective preparation and that the ends of justice served by granting the continuance outweighed the best interest of the public and defendants in a speedy trial.[5] The trial was reset for 8/21/2006. |
| 5/3/06 | Letter [doc. 307] from Washington requesting a speedy trial. |
| 8/3/06 | Unopposed Motion to Continue the Trial [doc. 359] filed by Maria Ramos. |
| 8/9/06 | Order [doc. 363] granting Motion to Continue Trial. The court determined that the defendant had not had adequate time to adequately assess the information that had |

---

[2] There was no opposition to this continuance.

[3] There was no opposition to this continuance.

[4] There was no opposition to this continuance.

[5] There was no opposition to this continuance.

|  |  |
|---|---|
|  | been provided to her by the government and she had not yet received all discovery, that this prosecution had previously been certified as complex, and that the government did not oppose a continuance. The court found that an applicable exception under Section 3161(h)(8)(B)(iv) existed, in that a denial of the requested continuance would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Further, the Court found that after an "ends of justice" analysis, that the ends of justice served by the granting of this continuance outweigh the best interest of the public and the Defendant in a speedy trial, said analysis pursuant to the provisions of section 3161(h)(8)(A) and 3161(h)(7). The trial was rest for 10/23/06. |
| 9/23/06 | The Government filed a Motion to Evaluate a Conflict of Interest [doc. 372] as to Pedro Ramos and Washington. |
| 10/6/06 | Motion to Continue Trial Date [doc. 376] by Maria Ramos.[6] |
| 10/10/06 | Order [doc. 377] granting Motion to Continue trial because of the illness of defense counsel. The court found that the defendant would be disadvantaged if she were required to go to court without continuity of counsel. The court found an exception under 18 U.S.C. §3161(h)(8)(B)(iv). Conducting an "ends of justice" analysis, the court determined that the ends of justice served by granting the continuance outweighed the best interest of the public and the defendant in a speedy trial. Trial was reset for 3/5/07. |
| 10/11/06 | Order [doc. 380] granting a Garcia Hearing on the Government's Motion to Evaluate Conflict of Interest [doc. 372]. Hearing set for 11/7/06. |
| 11/6/06 | Washington filed a Motion to Continue [doc. 384] the Garcia Hearing. |
| 11/13/06 | Order [doc. 385] granting Washington's Motion to Continue the Garcia Hearing. The hearing was reset for 2/1/07. |
| 1/23/07 | Washington filed a Motion to Dismiss [doc. 404] the Indictment for Violation of the Speedy Trial Act. |
| 1/29/06 | The Government filed a Motion to Continue [doc. 405] the Garcia Hearing. |
| 2/2/07 | Opposition [doc. 406] filed by Government to Washington's Motion to Dismiss. |
| 2/8/07 | Order [doc. 408] granting Government's Motion to Continue Garcia Hearing. |
| 2/9/07 | Memorandum Order [doc. 410] denying Washington's Motion to Dismiss the Indictment. |
| 2/26/07 | The Government filed a Motion to Continue [doc. 412] the Garcia Hearing. |
| 2/27/07 | Motion to Continue the Trial [doc. 413] filed by Abraham San Miguel. |
| 2/28/07 | Unopposed Motion to Continue the Trial [doc. 416] filed by Maria Ramos. |
| 2/28/07 | Order [doc. 417] granting Motion to Continue Trial by Maria Ramos. The court found an exception under 18 U.S.C. §3161(h)(8)(B)(iv). Conducting an "ends of |

---

[6] There was no opposition to this continuance.

| | |
|---|---|
| | justice" analysis, the court determined that the ends of justice served by granting the continuance outweighed the best interest of the public and the defendant in a speedy trial. Trial was reset for 10/15/07. |
| 2/28/07 | Order [doc. 418] granting Motion to Continue Trial by Abraham San Miguel. The court found an exception under 18 U.S.C. §3161(h)(8)(B)(iv). Conducting an "ends of justice" analysis, the court determined that the ends of justice served by granting the continuance outweighed the best interest of the public and the defendant in a speedy trial. Trial was reset for 10/15/07. |
| 3/7/07 | Order [doc. 421] granting Government's Motion to Continue Garcia Hearing to 3/30/07. |
| 3/30/07 | Minutes [doc. 430] from Garcia Hearing. Taken under advisement. |
| 4/25/07 | Memorandum Ruling [doc. 447] finding that a conflict did exist and that Daniel Stanford would no longer be permitted to represent Washington. |
| 8/8/07 | Motion to Substitute [doc. 485] ASUA Brett Grayson for AUSA Todd Clemons. |
| 8/13/07 | Order [doc. 486] granting Motion to Substitute. |
| 8/23/07 | Washington Ordered [doc. 488] to appear on 9/13/07 and advise the court of the name of his new retained counsel or to advise the court of his need for a court-appointed attorney. |
| 9/13/07 | Minute Entry resetting 9/13/07 hearing on counsel to 9/14/07. |
| 9/14/07 | Minutes [doc. 495] of Hearing. Washington informed the court that he is still trying to retain counsel. Hearing continued to 9/28/07. |
| 9/28/07 | Minutes [doc. 503] of hearing. Washington informed the court that he desired court-appointed counsel. Order [doc. 505] granting court-appointed counsel. |
| 10/9/07 | Motion to Continue the Trial [doc. 508] filed by Abraham San Miguel.[7] |
| 10/10/07 | Motion to Continue the Trial [doc. 513] filed by Andrew Aubrey.[8] |
| 10/12/07 | Motion to Enroll [doc. 519] by Ross Cicardo for Washington. |
| 10/12/07 | Order [doc. 520] granting Motion to Continue Trial by Andrew Aubrey. The court found an exception under 18 U.S.C. §3161(h)(8)(B)(iv). Conducting an "ends of justice" analysis, the court determined that the ends of justice served by granting the continuance outweighed the best interest of the public and the defendant in a speedy trial. Trial was reset for 2/4/08. |
| 10/18/07 | Unopposed Motion to Continue [doc. 523] Trial by Maria Ramos. |
| 10/19 07 | Order [doc. 525] granting Motion to Continue Trial by Abraham San Miguel. The court found an exception under 18 U.S.C. §3161(h)(8)(B)(iv). Conducting an "ends of justice" analysis, the court determined that the ends of justice served by granting |

---

[7] There was no opposition to this continuance.

[8] There was no opposition to this continuance.

| | |
|---|---|
| | the continuance outweighed the best interest of the public and the defendant in a speedy trial. Trial was reset for 2/11/08. |
| 10/24/07 | Order [doc. 527] granting Ross Cicardo's Motion to Enroll as Counsel for Washington. |
| 11/15/07 | Order [doc. 537] granting Motion to Continue Trial by Maria Ramos. The court found an exception under 18 U.S.C. §3161(h)(8)(B)(iv). Conducting an "ends of justice" analysis, the court determined that the ends of justice served by granting the continuance outweighed the best interest of the public and the defendant in a speedy trial. Trial was reset for 4/7/08. |
| 3/11/08 | Superseding Indictment [docs. 572, 573]. |
| 4/3/08 | Minutes [doc. 598] of Washington's arraignment and initial appearance on Superseding Indictment. |
| 4/3/08 | Minute Entry [doc. 604] upsetting trial date of 4/7/08 in light of new indictment. |
| 4/4/08 | Unopposed Motion to Continue [doc. 595] Trial by Maria Ramos. |
| 4/11/08 | Order [doc. 614] ruling Motion to Continue moot as the trial had been continued. |
| 5/28/08 | Minutes [doc. 620] scheduling conference. The Government indicated that it would require two to three weeks to put on its case and defendants believed they would require an additional week beyond that. After an ends of justice analysis, the court found as follows: (a) this matter is complex, and (b) to allow both the Government and Eduardo Ramos-Mendez continuity of counsel, trial could not be fixed before the date listed below due to conflicts with the calendars of their respective counsel. Based upon those findings the court concludes that these factors outweigh the interests of the public and the defendants to a trial within the delays fixed by the Speedy Trial Act and that to force this matter to trial prior to the given date would result in a miscarriage of justice. Jury Trial set for 1/5/2009. |
| 12/10/08 | Unopposed Motion to Continue [doc. 678] by Washington. |
| 12/16/08 | Order [doc. 683] granting Motion to Continue. Scheduling conference set. |
| 1/6/09 | Minutes [doc. 694] of Scheduling Conference. Washington is the only remaining defendant. The Government intends to present evidence from many of the former co-defendants who are incarcerated in numerous locations so that securing their presence will be time consuming. The trial is reset for 4/6/09. |
| 1/12/09 | Motion to Withdraw [doc. 697] by Cicardo, counsel for Washington. The motion stated that Washington had agreed to filing the Motion to Continue the Trial, but was insisting that counsel file a Motion to Dismiss for Speedy Trial violations. Cicardo believe such a motion to be frivolous and would not file, creating a conflict between counsel and defendant. |
| 1/14/09 | Order [doc. 698] setting motion to withdraw for hearing on 1/30/089. |
| 1/29/09 | Minute Entry [doc. 699] rescheduling hearing to 2/13/09. |
| 1/30/09 | Minute Entry [doc. 700] rescheduling hearing to 4/2/09. |
| 1/30/09 | Minute Entry [doc. 702] rescheduling hearing to 2/26/09. |

| Date | Entry |
|---|---|
| 2/26/09 | Oral Motion [doc. 713] by Joseph Scott III to enroll as counsel for Washington. |
| 2/26/09 | Minutes [doc. 714] of hearing. Ross Cicardo's motion to withdraw as attorney is granted. Joseph's Scott II's motion to enroll is granted. |
| 3/11/09 | Superseding Indictment [doc. 721] as to Washington and adding new defendant, Jessica Frilot. |
| 3/13/09 | Minute Entry [doc. 720] arraignment and initial appearance by Washington on Second Superseding Indictment set for 3/20/09. |
| 3/17/09 | Minutes [doc. 741] of telephone confer4ence. Court will issue new trial date in light of the Superseding Indictment. |
| 3/17/09 | Motion to Continue Trial [doc. 735] by Jessica Frilot.[9] |
| 3/20/09 | Minute Entry [doc. 720] arraignment and initial appearance by Washington on Second Superseding Indictment. Trial set for 4/27/09. |
| 3/26/09 | Order [doc. 742] granting Motion to Continue by Frilot. The court found an exception under 18 U.S.C. §3161(h)(8)(B)(iv). Conducting an "ends of justice" analysis, the court determined that the ends of justice served by granting the continuance outweighed the best interest of the public and the defendant in a speedy trial. Trial would be reset at a conference on 4/20/09. |
| 4/20/09 | Minutes [doc. 753] of scheduling conference with Magistrate Judge Kay. After consideration of the issues involved, the estimated 6500 pages of documents with hundreds of hours of telephone calls and jail house calls to be reviewed by counsel for Jessica Washington who was just recently included on these charges by superseding indictment as well as counsel for Kenneth Washington who was appointed 2/27/2009 to represent Kenneth Washington who requested replacement counsel, this court finds that the ends of justice served outweighed the best interest of the public and the defendant by allowing a trial date to be fixed beyond the time limitations of the Speedy Trial act. The trial was reset for 9/21/2009. |
| 5/5/09 | Washington files this Second Motion to Dismiss the Indictment [doc. 755] for Speedy Trial violations. |
| 5/19/09 | Government filed an Opposition [doc. 764]. |
| 5/21/09 | Washington filed a Reply [doc. 765].[10] |

<u>Law and Analysis</u>

The Speedy Trial Act requires that "the trial of a defendant ... shall commence within seventy

---

[9] Washington did not oppose.

[10] This list of motions does not attempt to include every motion filed by all 17 co-defendants. The docket sheet includes the myriad of motions filed by all parties.

6

days from the filing date ... of the ... indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). However, several "periods of delay" are "excluded ... in computing the time within which the trial of any such offense must commence[,]" including a "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion ...." 18 U.S.C. § 3161(h), (h)(1)(F). *United States v. Hartzog,* 189 Fed.App'x. 340, 347(5th Cir. 2006).

The statutory exclusion for "[a] reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted" tolls the seventy-day period until October 12, 2005, the date of the arraignment of Arnold Cardona, the last co-defendant to be arraigned under the original indictment. 18 U.S.C. § 3161(h)(6). Under this exclusion, "the speedy trial clock does not begin to run in a multi-defendant prosecution until the last co-defendant makes his initial appearance in court." *United States v. Harris,* 2009 WL 1065970, 3( 5th Cir. 2009). There were originally seventeen named defendants and no one filed to be severed, including Washington. The speedy trial clock, then, would be tolled during the pendency of any of defendant's motions.

This case was certified as complex as early as June 30, 2005, by virtue of the facts that there were multiple defendants and thousands of pages of documents. The speedy trial statute lists the types of factors the court must consider in granting a continuance, including: "[w]hether the case is so unusual or so complex ... that it is unreasonable to expect adequate preparation ... within the time limits established by this section." § 3161(h)(8)(B)(ii). The district court has "discretion-within limits and subject to specific procedures-to accommodate limited delays for case-specific needs."

7

*Zedner v. United States,* 547 U.S. 489, 499, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006). The Fifth Circuit has held that a district court's finding that a case is complex constitutes a sufficient ground to satisfy the statutory requirements for a continuance. *United States v. Bieganowski,* 313 F.3d 264, 282 & n. 15 (5th Cir.2002); *United States. v. Edelkind,* 525 F.3d 388, 397 ( 5th Cir. 2008).

Several continuances by different defendants, and one continuance requested by Washington were granted and each time the court conducted an "ends of justice analysis." The Speedy Trial Act expressly excludes from the Speedy Trial Act time limit:

> [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). The statute also requires the court to set forth "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* Both the magistrate judge and the district judge set forth the reasons each time a continuance was granted. In granting an "ends of justice" continuance, the court must consider "[w]hether the failure to grant such a continuance ... would deny counsel for the defendant ... the reasonable time necessary for effective preparation ...." 18 U.S.C. § 3161(h)(7)(B)(iv); *see also United States v. Jackson,* 50 F.3d 1335, 1339 (5th Cir.1995) (noting that, after a new counsel is appointed, the district court has discretion "to grant a continuance for trial preparation if it determines that the ends of justice so require" (citing *United States v. Rojas-Contreras,* 474 U.S. 231(1985)). Continuity of counsel and time for effective preparation were factors considered by the court in granting continuances. *United States v. Harris,* 2009 WL 1065970, 5 ( 5th Cir. 2009).

Two superseding indictments were filed in this case. In *United States v. Bermea*, 30 F.3d 1539, 1567 (5th Cir.1994), the court articulated a fear that the government would circumvent the speedy trial guarantee through the simple expedient of obtaining superseding indictments with minor corrections. *United States v. Parker*, 505 F.3d 323, 327 (5th Cir.2007) (quoting *Bermea*, 30 F.3d at 1567). The Fifth Circuit has recognized that the "case presents a different profile" when the government seeks to "widen the scope of the criminal investigation so as to try [other] conspirators" and is not "merely correcting the indictment." *Id.* In that case, "[t]here is no abuse of the superseding indictment system;" the starting point for the speedy trial clock is thus reset to the date of the arraignment on the superseding indictment. *Id.*

The Government, in the case at bar, admits that the superseding indictment filed on March 11, 2008, merely made corrections to the indictment. This superseding indictment did not change the profile of the case, and, as a result, did not reset the Speedy Trial clock. The speedy trial clock, however, had been tolled through the "ends of justice findings" granting the continuances.

The second superseding indictment made substantive changes to the indictment by modifying Count One to add charges of a money laundering conspiracy, a new drug trafficking conspiracy, and by adding a new defendant.[11] These changes widened the scope of the criminal investigation and reset the trial clock. The last defendant to be arraigned under this second superseding indictment was Washington on March 20, 2009. The clock began to run again. On March 17, 2009, co-defendant Frilot also filed a Motion to Continue, which was granted on April 20. The clock did not

---

[11] The defendant argues in his Reply that he is moving to dismiss only Count 1 of the Second Superseding Indictment. Washington states that Count 1 has not changed from the original indictment, but the overt acts contained in Count 1 did change in the Second Superseding Indictment.

run while the motion was pending. The defendant then filed this motion to dismiss on May 5, 2009, tolling the clock once again. Accordingly, the Speedy Trial Act has not been violated by the delays in this case.

## 6th Amendment Right to Speedy Trial

Washington also argues that his 6th Amendment right to a Speedy Trial has been violated. The court in *United States v. Bieganowski*, 313 F.3d 264, 284 ( 5th Cir. 2002), opined that "[i]t will be the unusual case ... where the time limits under the Speedy Trial Act have been satisfied but the right to a speedy trial under the Sixth Amendment has been violated." *Bieganowski*, 313 F.3d at 284. This case is no exception.

In analyzing a Sixth Amendment speedy trial claim, we balance, among other relevant circumstances, (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant timely asserted his right; and (4) any prejudice resulting to the defendant because of the delay. *Barker v. Wingo*, 407 U.S. 514(1972). If "the first three factors weigh heavily in the defendant's favor," prejudice may be presumed. *Parker*, 505 F.3d at 328 (quotation omitted). If they do not, the defendant "must demonstrate actual prejudice." *Id.*

The length of delay in this case, has been approximately four years. In assessing the reasons for the delay, however, we note that "pretrial delay is often both inevitable and wholly justifiable." *Doggett v. United States*, 505 U.S. 647(1992). We also recognize that the extent to which this observation rings true will necessarily vary with the complexity of the case. *Bieganowski*, 313 F.3d at 284 -85. Thus, "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge" such as the one in which Washington found himself

charged. *Barker,* 92 S.Ct. at 2192-93.

The courts in this Circuit have held that delays of less than five (5) years are not sufficient, by duration alone, to presume prejudice. *United States v. Serna-Villarreal,* 352 F.3d at 210; *Parker,* 505 F3d at 327. Therefore, the length of the delay does not weigh against the Government.

Neither do the reasons for the delay weigh against the Government. "In examining the reasons for the delay, we must heed the Supreme Court's warning that 'pretrial delay is often both inevitable and wholly justifiable.' " *United States v. Neal,* 27 F.3d 1035, 1043 (5th Cir.1994) (quoting *Doggett v. United States,* 505 U.S. 647(1992)). This principle applies fully when, as here, the delay was largely a result of myriad pretrial motions, including numerous requests for continuances. *See id.* Further, Washington has presented no evidence that "the Government act[ed] in bad faith, intentionally holding up prosecution for the purpose of prejudicing the defendant." *Parker,* 505 F.3d at 329 (quoting *United States v. Hernandez,* 457 F.3d 416, 421 (2006)). The second factor cuts strongly against Washington.

Although Washington did assert his right to a speedy trial[12], he did not diligently pursue that right. Washington also moved for or did not oppose multiple continuances by his unsevered co-defendants. The court in *United States v. Frye,* 489 F.3d 201, held that Motions to Dismiss based upon violations of the Speedy Trial Act do not count as assertions of his right to speedy trial. The *Frye* court reasoned that applicable right is the right to a speedy trial. An assertion of that right is a demand for a speedy trial, which will generally be an objection to a continuance or a motion asking to go to trial. At the very least, a defendant's assertion of his speedy trial rights should manifest "his

---

[12] Washington filed a motion to fix this matter for trial on October 13, 2005.

desire to be tried promptly." *United States v. Litton Sys., Inc.*, 722 F.2d 264, 271 (5th Cir.1984); *Frye*, 489 F3d at 211-12.

Under the court's reasoning in *Frye*, Washington's two motions to dismiss (including the current motion) are not assertions of the right, but are assertions of the remedy. A motion for dismissal is not evidence that the defendant wants to be tried promptly. *See, e.g., Barker*, 407 U.S. at 534-35("More important than the absence of serious prejudice, is the fact that Barker did not want a speedy trial .... Instead the record strongly suggests that while he hoped to take advantage of the delay in which he had acquiesced, and thereby obtain a dismissal of the charges, he definitely did not want to be tried."). Such is particularly true in this case, where Washington did not object to repeated motions for continuances by his unsevered co-defendants and moved for continuances of the trial and various motions himself. Washington did not aggressively assert his desire to be tried promptly.

In the final step of the *Barker* analysis, we examine the degree of prejudice that attached to Washington because of the delay and find that insofar as Washington fails to make a convincing show of prejudice, this remaining *Barker* factor also weighs heavily against him.

Washington argues that as a result of the delay, witnesses available to exculpate him and to "testify as to his good and law abiding nature" have moved and memories fade. Because of the extent of his pretrial incarceration, they would have to testify that they knew him years ago, but are unfamiliar with his current demeanor. This blanket statement gives no indication as to the content and relevance of the lost testimony, and how its absence impaired Washington's defense; nor does Washington explain why he or his attorneys failed to take any steps to preserve this testimony for trial. *See Neal*, 27 F.3d at 1043. Therefore, Washington has not shown "actual prejudice," and we

reject his claim of a Sixth Amendment violation.

Accordingly, for the reasons set forth above, the Motion to Dismiss based upon violations f the Speedy Trial Act and the Sixth Amendment Right to Due Process will be denied.

Lake Charles, Louisiana, this __11__ day of June, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE