RECEIVED
IN LAKE CHARLES, LA

SEP 29 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05 CR 20084 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| KENNETH WASHINGTON | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Presently before the court is a Motion to Designate Case as Complex and to Appointment Sean Collins as Co-Counsel [doc. 756] and a Motion for Interim Payments [doc. 757].

IT IS ORDERED that the *Motion to Designate Case as Complex and to Appoint-Co-Counsel* IS MOOT. This case has previously been certified as "complex" within the meaning of the Criminal Justice Act, 18 U.S.C. 3006A.

IT IS ORDERED that the Motion to Appoint Co-Counsel IS DENIED. Even considering the amount of discovery involved, the likely duration of the testimony in the case, the extended pretrial detention of the defendant, multiple superseding indictments, and the burden imposed on counsel by the appointment, the Court finds that this case is not suitable for the appointment of co-counsel.[1]

IT IS ORDERED that the Motion for interim payments is DENIED. The expected length of the time required to prepare for the trial and of the trial itself is not exceptional.

The court must now "determine whether excess payment is necessary to provide fair

---

[1] As provided in The Guide to Judiciary Policies and Procedures, Vol. 7, Chapter 2, Section A – Guideline for the Administration of the Criminal Justice Act and Related Statutes.

compensation." *See **United States ex rel. Kubat v. Thieret**,* **690 F.Supp. 725, 725-26 (N.D.Ill.1988).**

In this regard, the guidelines in Volume VII of the *Guide to Judiciary Policies and Procedures* provide the following criteria:

> responsibilities involved measured by the magnitude and importance of the case; manner in which duties were performed; knowledge, skill, efficiency, professionalism, and judgment required of and used by counsel; nature of counsel's practice and injury thereto; any extraordinary pressure of time or other factors under which services were rendered; and any other circumstances relevant and material to a determination of a fair and reasonable fee.
> **VII *Guide to Judiciary Policies and Procedures,* ch. 2, ¶ 2 .22.**

No CJA Form 20 voucher was submitted with the motion. This form is necessary to determine if the Court will allow counsel payment in excess of the statutory maximum, in order to relieve the financial burden caused by this appointment.[2] Without such documentation, the court cannot approve this request at this stage in the proceedings.

Lake Charles, Louisiana, this _28_ day of July, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT COURT

---

[2] Should the court make this determination, it is subject to approval by the Chief Judge of the Fifth Circuit.