RECEIVED
IN LAKE CHARLES, LA
MAR 1 6 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05 CR 20084-012 |
| VS. | : | JUDGE MINALDI |
| KENNETH GARY WASHINGTON | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court are the defendant's objections to the Presentence Report ("PSR") prepared by the Probation Department.

Kenneth Washington ("Washington") objects to the amounts of drugs contained in ¶ 38 of the PSR. A trial was held in this matter and the evidence introduced at trial indicates that on June 30, 2004, Henry Michael Jefferson ("Jefferson") was stopped while transporting 6,949.8 grams of cocaine powder and 11.48 liters of codeine syrup for Kenneth Washington. Jefferson testified that he had obtained the cocaine from two Hispanic males, one of whom was named "Eddie." Jefferson testified that the codeine came from a separate source in Texas that Washington had met through dog fighting. Jefferson further testified that these drugs were being transported for Washington.

Two weeks prior to this event, Jefferson testified that he had transported an additional 25 kilograms of cocaine powder and 180 pounds o marijuana for Kenneth Washington.

Arnold Cardona, Pedros Ramos and Luciano Ramos testified that Dexter Vallot ("Vallot") transported no less than 30 kilograms of cocaine on two occasions to West Palm Beach, Florida.

Testimony conservatively established 97 kilograms attributed to Alonzo White ("White). Additionally, White obtained $250,000 in drug proceeds, the equivalent of 10 more kilograms of cocaine.

Evelyn Beard's testimony established 68 kilograms of cocaine transported for Washington.

The testimony at trial, evidence and the PSR established 375 kilograms of cocaine (equivalent to 75,000 kilograms of marijuana), 11.48 liters of codeine ( equivalent to 918.4 kilograms of marijuana) and 180 pounds of marijuana ( 81.648 kilograms of marijuana), totaling 76,000.048 kilograms of marijuana equivalent. This amount results in no change to the offense level contained in the PSR as any amount over 30,000 kilograms of marijuana results in a base offense level of 38.

Pursuant to *U.S. Sentencing Guidelines Manual* ("USSG") § 1B1.3 (a)(1)(B), in determining the proper base offense level to apply to a defendant involved in a drug conspiracy, the defendant is responsible for his own acts, as well as for "all reasonably foreseeable acts" of his co-conspirators taken in furtherance of the joint criminal activity. *See United States v. Randall,* 171 F.3d 195, 210 (4th Cir.1999); *United States v. Gilliam,* 987 F.2d 1009, 1013 (4th Cir.1993).

Considering the evidence introduced at trial, the PSR, the objections of the defendant and the response to those objections filed by the Government, the defendant's objection IS OVERRULED.

Washington further objects to the supervisory role enhancement in ¶ 43 of the PSR. The defendant argues that the role enhancement associated with counts 4 and 5 are duplicative of the role enhancement in ¶ 32 because counts 4 and 5 were in furtherance of the offense charged in count 3. This objection was resolved and requires no ruling from the court.

Lake Charles, Louisiana, this 15 day of March [February stricken], 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE