RECEIVED
IN LAKE CHARLES, LA
MAR 1 9 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05 cr 20084-12 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| KENNETH GARY WASHINGTON | : | MAGISTRATE JUDGE KAY |

**MEMORANDUM RULING**

Before the court is the defendant's Motion Under 28 U.S.C. §2255 To Vacate, Set Aside, or Correct Sentence (Rec. Doc. 991). The Government filed an answer (Rec. Doc. 994). The defendant filed a reply (Rec. Doc. 998).

Procedural History[1]

On May 11, 2005, the defendant was charged along with sixteen other individuals in a fourteen-count Indictment. Washington was charged with conspiracy to distribute 5 kilograms or more of cocaine and 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 846 (Count 1). (Rec. Doc. 1). The United States also sought the forfeiture of various assets pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1) (Counts 13 and 14). (Rec. Doc. 1).

On March 11, 2008, the defendant was charged along with five of his original co-defendants in a five-count Superseding Indictment. In that Superseding Indictment, Washington was charged with one count of conspiracy to distribute "5 kilograms or more [of] cocaine and marijuana" in violation of 21 U.S.C. § 846 (Count 1), one count of conspiracy to commit money laundering in violation of 18 U.S.C. §1956(h) (Count 2), one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 3) and two counts of forfeiture pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1) (Counts 4 and 5). (Rec.

---

[1] As summarized by the Government.

Doc. 572).

On July 10, 2008, the United States filed an "Information of Prior Conviction" against Washington asserting that in light of a prior felony drug conviction, he was subject to the enhanced statutory penalties provided in 21 U.S.C. § 841(b)(1). (Rec. Doc. 631).

On March 11, 2009, Washington and his wife, Jessica Frilot Washington, were charged in a five-count second Superseding Indictment. Washington was charged with one count of conspiracy to distribute "5 kilograms or more [of] cocaine and marijuana" in violation of 21 U.S.C. § 846 (Count 1), one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count 2), one count of conspiracy to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § 846 (Count 3), and two counts of unlawful use of a communications facility in violation of 21 U.S.C. § 843(b) (Counts 4 and 5). (Rec. Doc. 721).

On September 21, 2009, the case proceeded to trial before a jury. (Rec. Doc. 831). On the ninth day of trial, Washington was convicted on all counts. (Rec. Doc. 851). On November 24, 2009, a Pre-Sentence Investigation Report ("PSR") PSR recommended a total offense level of 44 and a Criminal History Category III, which correlated to an advisory range of life in prison on Counts 1 and 3, a range of 240 months on Count 2 (the statutory maximum), and a range of 96 months on Counts 4 and 5 (the statutory maximum). (PSR at ¶¶ 26-49, 59, 78). The PSR noted that in light of the Information of Prior Conviction filed by the United States, Washington faced a minimum mandatory term of 20 years imprisonment on Counts 1 and 3 and a maximum term of life. (PSR ¶ 77).

On March 16, 2010, the this court sentenced Washington to a term of life in prison on Counts 1 and 3, a term of 240 months on Count 2, and a term of 96 months on Counts 4 and 5, all to be served concurrently. (Rec. Doc. 873). The court further ordered that the defendant serve a total of ten years supervised release in the event he is ever released from custody. (Rec. Doc. 873).

On May 13, 2011, the United States Court of Appeals for the Fifth Circuit affirmed the defendant's

conviction and sentence. The judgment was entered into the district court record on June 8, 2011. (Rec. Doc. 989). Therefore, this motion was timely filed on November 17, 2011. (Rec. Doc. 991).

Facts

Counts One and Two described the alleged involvement of Kenneth Washington in a cocaine and marijuana conspiracy directed by Pedro "Peter" Ramos, who lived in Church Point, Louisiana. (Trial Tr., pp. 1021, 1048, 1370). The conspiracy began not later than 1998 and continued until the time of Washington's and his co-conspirators's arrests in 2005. (Trial Tr., pp. 1216, 1381).

Initially, the conspirators trafficked in marijuana only. (Trial Tr., pp. 1108, 1216; 1381). Then, between approximately 2000 and 2002, the focus of the Ramos drug trafficking organization shifted gradually from marijuana to cocaine. (Trial Tr., pp. 1112, 1217-1218, 1381- 1382).

In February or March of 2003, Peter Ramos met Kenneth Washington at a dog fight in Picayune, Mississippi. (Trial Tr., p. 1394). Over the course of the next couple of years, Washington assisted Peter Ramos in his drug trafficking efforts as well as in their mutual efforts to find a "legitimate" business in which to invest their illegal drug proceeds, all the while directing a substantially separate drug enterprise of his own.[2]

Counts Three, Four and Five involved the activity of Washington and his wife. The PSR indicates that Henry Michael Jefferson and Alonzo White transported drugs during that conspiracy. (PSI, paras. 18-21).

Law and Analysis

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow

---

[2] Washington's efforts to find an investment that he and Peter Ramos could use to launder their drug-related income involved the proposed purchase of a local oil refinery that was part of a bankruptcy estate. That conduct underlies Washington's conviction for conspiracy to commit money laundering as charged in Count Two of the Superseding Indictment. *See e.g.*, (Trial Tr., pp. 1278-1285; 1397-1410). The conduct related to Washington's separate drug conspiracy supports his conviction on Count Three of the Superseding Indictment and primarily involves sources of supply and participants separate from those involved in the Ramos organization. *See e.g.*, (Trial Tr., pp. 1757-1766; 1830, 1833-1841, 1878-1887).

3

range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992).

"A 'collateral challenge may not do service for an appeal.' " *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.1991) (en banc). A defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show "both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *Shaid*, 937 F.2d at 232. The 28 U.S.C. § 2255 cause and actual prejudice standard presents a significantly higher hurdle than the plain error standard of review that is applied on direct appeal. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.1992). The only exception to the cause and prejudice test is the "extraordinary case ... in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* Sutton has not asserted actual innocence.

In the case at bar, makes a two-pronged argument. The first prong questions the constitutionality of certain statutes. The second prong alleges ineffective assistance of counsel.

Washington procedurally defaulted on the constitutionality issues by failing to raise them on direct review. Accordingly, these claims are procedurally barred because Washington has failed to show cause and prejudice.

Washington contends that his counsel rendered ineffective assistance for failing to file a motion to sever the indictment. This issue was raised on direct appeal and found meritless. Claims raised and considered on direct appeal cannot be considered in § 2255 Motions. *United States v. Webster*, 392 F.3d 787, 791 at fn. 5 (5th Cir.2004), citing *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir.1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions ."); and, *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir.1997). Therefore, it will not be considered in this motion.

Washington also asserts that his attorney's failure to object to the indictment and verdict form was

ineffective assistance of counsel.

To establish ineffective assistance of counsel *Strickland v. Washington,* 466 U.S. 668 (1984), requires showing both that counsel's performance was deficient and that such deficient performance prejudiced the defense. *Id.* at 687. Deficient performance is based on an objective standard of reasonableness, considering all the circumstances. *Id.* at 688. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance", and judicial review is highly deferential to counsel's performance. *Id.* at 689. In the body of his memorandum, Washington argues that the verdict form as to count one, which charged him with a conspiracy involving "5 kilograms or more of cocaine and marijuana" does not indicate how much cocaine was involved in the conspiracy.

Washington argues that since both the language of Count 1 of the Superseding Indictment and the jury instructions indicated that the charged conspiracy involved "5 kilograms or more cocaine and marijuana," the jury's general verdict is ambiguous and he is entitled to re-sentencing under the lower statutory maximum applicable to an indeterminate quantity of marijuana. On direct appeal, the Fifth Circuit opinion provided that a review of the trial record confirms that there was ample evidence from which the jury could have found that the conspiracy involved *both* 5 kilograms or more of cocaine *and* 1,000 kilograms or more of marijuana (Rec. Doc. 989). Various co-conspirators testified regarding substantial quantities of both cocaine and marijuana imported into the United States from Mexico and then distributed to various sources. The defendant's attorney was, therefore, not ineffective in failing to object to the verdict form.

Accordingly, for the reasons set forth herein above, the defendant's §2255 motion will be denied.

Lake Charles, Louisiana, this 13 day of March, 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE